**CARGILL v. LEVINSON et al.**

No. 9937.

Circuit Court of Appeals, Fifth Circuit.

Feb. 5, 1942.

Rehearing Denied March 7, 1942.

Edward K. Goethe, of Orlando, Fla., for appellant.

Adrian M. Levinson, in pro. per., and Charles C. Potter, in pro. per., both of Orlando, Fla., and Sol Weiss, Sr., of New Orleans, La., for appellees.

Claude L. Gray, of Orlando, Fla., for intervener.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This appeal involves allowances of fees and expenses made to the reorganization trustee, his attorneys, and a certified public accountant, for services rendered by them in proceedings under Chapter 10 of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., for the reorganization of a mercantile corporation and its subsidiaries. The question for decision is whether these allowances were so grossly excessive as to constitute an abuse of discretion.

The reorganization trustee was appointed on February 18, 1941. Ten days later disposition of all the assets of the debtor had been made, and on March 1, 1941, the debtor was adjudicated a bankrupt. During the next three weeks minor duties were performed by the reorganization trustee and his attorneys; but admittedly, the principal services entitling the trustee to compensation were performed within the ten-day period. The assets were sold for $39,375.

We have carefully examined the nature and extent of the respective services rendered, and have weighed them in the light of the attendant facts and circumstances bearing upon the question of just compensation. It is our opinion that the awards complained of were grossly excessive and beyond the authority of the court below, in the exercise of its discretion, to allow. Consequently, the order of the court entered on April 24, 1941, should be, and hereby is, amended as follows: The compensation of the attorneys is reduced to $750; the allowance to the reorganization trustee is reduced to $1,000; the allowance to the accountant is reduced to $1,000; and the allowances for expenses are permitted to stand.

As modified, the judgment appealed from is affirmed, with the costs assessed against the appellees, one-third to the attorneys, one-third to the trustee, and one-third to the accountant.

Modified and affirmed.